### SHAPOONMASH, AN INDIAN, *vs.* UNITED STATES.

The homicide, being on an Indian reservation, is within federal jurisdiction, and the rules of the common law govern.

In capital cases presumptions are not made in favor of the regularity of the proceedings.

The record in this case does not show the prisoner was in Court, when the verdict of the jury was rendered, nor does it show what disposition was made of the jury, in the adjournment from one day until the next, during the trial.

Wyche, J., dissenting, decides that by fair intendment and necessary implication the record is sufficient in the foregoing particulars.

Error to First Judicial District.

Opinion by HEWITT, Chief Justice.

This case comes up from the First District on writ of error. It appears by the record that at the April term of the United States District Court for the First District, held at Walla Walla, in and for said District, an indictment was found against the plaintiff in error for murder in the first degree.

At the same term the cause came on to be heard, and resulted in a verdict of guilty as charged in the indictment, followed by sentence. A motion is made by defendant's counsel for a new trial, which was overruled by the Court, to which ruling exception is taken and allowed. Plaintiff prosecutes his writ of error to this Court, and assigns numerous causes of error, only two of which are deemed material, and which must control in the decision of this case. We will therefore discuss them without reference to the others. They are as follows:

1. The record does not show that the prisoner was present in Court when the verdict of the jury was rendered.

2. The Court adjourned from one day to the next, and the record does not show what disposition was made of the jury.

The homicide was committed on an Indian reservation, consequently the case was tried on the United States side of the Court, and according to the rules and regulations of the common law, which are so plain and concise in regard to the two propositions under consideration, that there is little ground for argument.

In discussing these two questions, we will state as a broad proposition, that so carefully has the law guarded the sanctuary of human life, that in all capital felonies, no presumption can be made in favor of the regularity of the proceedings. It must be shown by the record that the prisoner was duly and legally convicted. Leading criminal cases (Bennett & Heard), vol. 2, page 449, and notes; 1st Parker's Crim. reports, page 474, 476; 5 Sergeant and Rawle, page 315; 3d Sergeant and Rawle, page 237; 3d Gillman, page 71.

The record must also show that the prisoner in a capital case was present in Court during the trial, when the verdict was rendered, and when sentence was passed. Wharton's Digest, vol. 1, page 521, Secs. 759 and 872.

And when the record shows that "the Court sentence D. G., the defendant, to be taken to the jail from whence you came," etc., etc., the Supreme Court of Pensylvania say it cannot be presumed that the prisoner was in Court. Wharton's Digest, page 521, Sec. 771.

In regard to the second proposition, the record must show in capital cases, where the jury have been sworn and the Court adjourns from one day to the next, that the jury have been legally disposed of during the adjournment. United States Digest, vol 2, page 694.

In the case under consideration, the record shows that the prisoner was in Court at the commencement of the trial, and although it shows that the Court adjourned from one day to the next, nothing is said about the prisoner until the jury render their verdict, when it appears that the "Court remanded the prisoner to the custody of the Marshal;" from which entry, as already shown, we cannot presume the prisoner was present in Court at that time. It also shows that the Court adjourned from one day to the next while the trial was in progress, but is silent as to what disposition was made of the jury.

We think, therefore, that the Court erred in overruling the motion for a new trial.

Judgment of the Court below reversed, and a new trial granted the prisoner.

---

DISSENTING OPINION BY WYCHE, ASSOCIATE JUSTICE.

I am constrained to dissent from the opinion rendered by the Chief Justice in this case and will briefly state my reasons.

The reasons for a new trial, as stated by the Chief Justice, are,

1. The record does not show that the prisoner was present in Court when the verdict of the jury was rendered.

2. The Court adjourned from one day to the next and the record does not show what disposition was made of the jury.

In reference to the first ground of error, the Chief Justice says, "In the case under consideration the record shows that the prisoner was in Court at the commencement of the trial and although it shows that the Court adjourned from one day to the next, nothing is said about the prisoner until after the jury render their verdict, when it appears that the 'Court remanded the prisoner to the custody of the Marshal,' from which entry, as already shown, we cannot presume the prisoner was present in Court at that time."

Now it is respectfully submitted that the Chief Justice misapprehends what the record does state in this matter. The trial of this cause, as the record shows, consumed two days, the ninth and tenth judicial days, and the following is the record for the tenth judicial day.

"Now on this day the trial of this cause resumed, came John J. McGilvra, Attorney for the United States, and defendant in custody of the Marshal and his attorneys, Langford and Dugan, and the jury heretofore empanneled to try the cause; and after hearing the evidence, arguments of the Counsel and charge of the Court the jury retired in charge of a sworn bailiff to consider upon a verdict, and now the aforesaid jury come into Court and answering to their names return the following verdict, to wit: "We, the jury, find the defendant guilty, as charged in the indictment" whereupon the Court remanded the prisoner in custody of the Marshal until further order from the Court, and thereupon defendant's attorneys gave notice of a motion for a new trial and in arrest of judgment."

While it may be true that the law requires, in capital cases, the prisoner's presence upon the rendition of the verdict, this presence may be shown either by a positive averment in the record, or it may be shown from the record by reasonable implication and fair intendment. *State vs. Croton,* 6 Iredell 164; *West vs. State,* 2, New Jersey 212; *Leschi vs. Territory of Washington,* W. T. Repts. 23.

In this case, while the record shows that the Court adjourned from one day to the next, it is a misstatement of the record to say "that nothing is said about the prisoner until

after the jury render their verdict," as the record states the defendant comes into Court in custody of the Marshal, and there is no adjournment of the Court till a return of the verdict and no disposition made of the prisoner after the record brings him into Court, until after the reception of the verdict, he is remanded to the custody of the Marshal. It would seem therefore that the prisoner is clearly shown as the record brings him into Court, and fixes him there until after the rendition of the verdict. But if it be said upon a hypercritical construction of the record, the prisoner's presence is not positively stated, it is certainly gathered by reasonable implication, and fair intendment which is all the law requires.

It is true, as stated in the opinion of the Court, that on the adjournment of the Court from one day to the next, the record does not show what disposition was made of the jury and yet the silence of the record, on this point, is believed to be no sufficient ground for a new trial. In the silence of the record we cannot say whether the jury were kept together or were permitted to separate. The keeping of them together was surely no ground for a new trial, and as the law provides that they may separate by consent of the defendant, and prosecuting attorney, to grant a new trial, we would have to conclude that they were permitted to separate, and to separate without the consent required by law.

The authorities, it is believed, will fully sustain this view, but we can now refer to but few: U. S. Digest, vol. 2, page 694, Secs. 236-248; Wharton's C. L., pages 897-900: W. T. Statutes 1862-3, page 324, Sec. 225.

Large and grave questions of jurisdiction were raised in the Court below and in this Court, and however the law may be on them, it would seem reasonably clear the prisoner is not entitled to a new trial on the grounds announced by the Court.